# EXHIBIT A

**Court of Common Pleas of Philadelphia County**
**Trial Division**

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)
SEPTEMBER 2021
E-Filing Number: 2109017397
000657

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| MICHAEL ROWLING | FEDERAL RESERVE BANK OF PHILADELPHIA |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 60 GARLOR DRIVE<br>HAVERTOWN PA 19083 | 150 N. INDEPENDENCE MALL WEST<br>PHILADELPHIA PA 19106 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| LORIE ROWLING | AEROTURN, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 60 GARLOR DRIVE<br>HAVERTOWN PA 19083 | 115 HURLEY ROAD<br>OXFORD CT 06478 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 2 | 2 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|
| [X] $50,000.00 or less<br>[ ] More than $50,000.00 | [X] Arbitration   [ ] Mass Tort   [ ] Commerce   [ ] Settlement<br>[ ] Jury   [ ] Savings Action   [ ] Minor Court Appeal   [ ] Minors<br>[ ] Non-Jury   [ ] Petition   [ ] Statutory Appeals   [ ] W/D/Survival<br>[ ] Other: |

**CASE TYPE AND CODE**
2S - PREMISES LIABILITY, SLIP/FALL

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

FILED
PRO PROTHY
SEP 10 2021
S. RICE

**IS CASE SUBJECT TO COORDINATION ORDER?**   YES   NO

---

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MICHAEL ROWLING , LORIE ROWLING
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| JEFFREY R. LESSIN | 1515 MARKET ST<br>SUITE 1650<br>PHILADELPHIA PA 19102 |

| PHONE NUMBER | FAX NUMBER |
|---|---|
| (215)599-1400 | (215)599-0120 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 43801 | j.lessin@lessinlaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| JEFFREY LESSIN | Friday, September 10, 2021, 12:38 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 07/08/2022
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial denovo on appeal from a decision entered by a Judge.

This is an Arbitration Case
Assessment of Damages by the
Hearing

JEFFREY R. LESSIN & ASSOCIATES, P.C.
BY: JEFFREY R. LESSIN, ESQUIRE
J.LESSIN@LESSINLAW.COM
ID. #: 43801
BY: MARK T. RICHTER, ESQUIRE
M.RICHTER@LESSINLAW.COM
ID.#: 45195
1515 MARKET STREET, SUITE 1650
PHILADELPHIA, PA 19102
(215) 599-1400

ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| **MICHAEL ROWLING** and **LORI ROWLING**, husband and wife<br>60 Garlor Drive,<br>Havertown, PA 19083<br>v.<br>**FEDERAL RESERVE BANK OF PHILADELPHIA**,<br>150 N. Independence Mall West,<br>Philadelphia, PA 19106<br>and<br>**AEROTURN, LLC**<br>115 Hurley Road<br>Oxford, CT 06478 | **COURT OF COMMON PLEAS PHILADELPHIA COUNTY**<br><br>No.: |

**CIVIL ACTION – COMPLAINT**
Premises Liability

Case ID: 210900657

**NOTICE TO DEFEND**

| | |
|---|---|
| YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUTFURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.<br><br>YOU SHOULD TAKE THIS PAPER TO YOUR LAWYET AT ONCE. IF YOU FDO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP<br><br>**Philadelphia Bar Association Lawyer Referral and Information Service**<br>**One Reading Center**<br>**Philadelphia, Pennsylvania 19107**<br>**(215) 238-1701** | LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAD EXPUESTAS EN LAS PAGINAS SIGUIENTED, USTED TIENE VIENTE (20) DIAS, DE PLAZO AL PARTIR DE LA FECHA DE LA DEMANDA Y LA NOTICFCATION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN FORMA ESCRITA SUS DEFENSES EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO A VISO O NOTIFICACION. ADEMAS, LA CORTE PUEDE DICIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERCHOS IMPORTANTED PARA USTED<br><br>LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATMENTE. SI NO TIENE EL DINERO SUFICIENTE DE TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.<br><br>**Asociacion de Liceneados de Filadelphia**<br>**Servicio de Referencia e Informacion Legal**<br>**One Reading Center**<br>**Fliadelfia, Pnnsylvanain 19107**<br>**(215) 238-1701** |

Case ID: 210900657

| | |
|---|---|
| **JEFFREY R. LESSIN & ASSOCIATES, P.C.**<br>BY: JEFFREY R. LESSIN, ESQUIRE<br>J.LESSIN@LESSINLAW.COM<br>ID. #: 43801<br>BY: MARK T. RICHTER, ESQUIRE<br>M.RICHTER@LESSINLAW.COM<br>ID.#: 45195<br>1515 MARKET STREET, SUITE 714<br>PHILADELPHIA, PA 19102<br>(215) 599-1400 | Arbitration Case<br>Assessment of Damages<br>HEARING REQUIRED<br><br><br><br><br><br><br><br>ATTORNEYS FOR PLAINTIFFS |
| **MICHAEL ROWLING** and<br>**LORI ROWLING**, husband and wife<br>60 Garlor Drive,<br>Havertown, PA 19083<br>v.<br>**FEDERAL RESERVE BANK OF PHILADELPHIA**,<br>150 N. Independence Mall West,<br>Philadelphia, PA 19106<br>and<br>**AEROTURN, LLC**<br>115 Hurley Road<br>Oxford, CT 06478 | : **COURT OF COMMON PLEAS**<br>: **OF PHILADELPHIA COUNTY**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: No.: |

## CIVIL ACTION - COMPLAINT
### Premises Liability-2S-Other Negligence-2O

1. Plaintiffs **MICHAEL ROWLING** and **LORI ROWLING** are adult individuals, husband and wife, who reside at the above captioned address.

2. Defendant, **FEDERAL RESERVE BANK OF PHILADELPHIA** (hereinafter referenced as "Defendant **BANK**") is a business entity authorized to do business in the Commonwealth of Pennsylvania, which owns, occupies, maintains, inspects and/or operates a building at the above captioned address in Philadelphia, PA including the security entrance thereof.

3. Defendant **AEROTURN, LLC** is a business entity authorized to do business in the Commonwealth of Pennsylvania, that manufactured, marketed, sold, installed, maintained, repaired and/or serviced the security entrance doors at the Federal Reserve Bank of Philadelphia at the above captioned address.

3

Case ID: 210900657

4. At all times relevant to the instant litigation Defendant **BANK** owned, occupied, operated and/or had under its care, custody, maintenance and/or control the Premises located at 150 N. Independence Mall West, Philadelphia, PA 19106 (hereafter referenced as the "Premises"), including the security entrance located thereon.

5. At all times relevant to the instant litigation, the Plaintiff **MICHAEL ROWLING** was a business invitee on the Defendant **BANK**'s Premises on the day and time of the incident more fully hereinafter described.

6. At all times relevant to the instant litigation, each Defendant acted individually and/or together through their agents, servants, workmen and/or employees acting within the course and scope of their employment capacity with the Defendants.

7. On or about November 18, 2019, at about 12:30 p.m., while attempting to gain access to the Premises for a ceremony to which he was invited, one of the security entrance doors suddenly and without warning opened into Plaintiff **MICHAEL ROWLING**'s head, causing Plaintiff **MICHAEL ROWLING** to the suffer serious and/or permanent injuries more fully set forth in length hereinafter.

8. At all times relevant hereto, there were no relevant warnings affixed to or near the said security entrance door.

9. Plaintiff **MICHAEL ROWLING**'s injuries were caused directly as a result of the negligence and carelessness of the Defendants and were due in no manner to any acts or omissions on the part of the Plaintiff.

**COUNT I**
**Plaintiff MICHAEL ROWLING v. Defendant BANK**
**Negligence**

10. Plaintiffs hereby incorporate by reference the averments of paragraphs 1 through 9 of the Plaintiffs' Complaint as fully as though they were set forth here at length.

11. The negligence and/or carelessness of the Defendant **BANK**, acting through its agents and employees consisted of without limitation the following acts and omissions:

    a. failing to maintain and operate the aforesaid entrance area and

4

      security door on the Premises in a condition that was safe for invitees, patrons, and guests such as the Plaintiff **MICHAEL ROWLING**;

b. failing to train employees not to release, and/or allow the release of, the security entrance doors which could strike and injure invitees, patrons, and guests such as the Plaintiff **MICHAEL ROWLING**;

c. failing to have door checks, guards, proximity warnings or other devices on the security entrance doors that would prevent the security entrance doors from striking invitees, patrons, and guests such as the Plaintiff **MICHAEL ROWLING**;

d. failing to inspect and maintain the security entrance doors and/or door opening functions and/or devices to ensure that they were operating properly, and did not pose an unreasonable risk of striking invitees, patrons, and guests such as the Plaintiff **MICHAEL ROWLING**;

e. permitting the aforesaid security entrance doors to become and/or remain dangerous by allowing hidden defects to develop, so as to constitute a hidden menace, danger, nuisance and trap for invitees, patrons, and guests such as the Plaintiff **MICHAEL ROWLING**;

f. failing to provide adequately designed and functioning security entrance doors which were reasonably safe for invitees, patrons and guests such as the Plaintiff **MICHAEL ROWLING**;

g. failing to adequately inspect the aforesaid security entrance doors at reasonable intervals to determine the condition and safety of same;

h. failing to warn business invitees (such as the Plaintiff **MICHAEL ROWLING**) using the security entrance doors of the dangerous and hidden conditions thereof, after the Defendant **BANK** knew or should have known of the dangerous condition of the said area;

i. failing to repair the defective security entrance doors, via warning or

5

        otherwise, after the Defendant knew or should have known of the existence of their said defective and dangerous nature;

j.    disregarding the rights and safety of the Plaintiff and other persons lawfully visiting Defendant's premises;

k.    failing to ensure that the said security entrance doors were safe and secure for business invitees, patrons and guests on the property;

l.    negligently allowing the opening of the said security entrance doors into Plaintiff's person, particularly his head;

m.    providing a security entrance door that can unexpectedly open into the head of a visitor attempting to legally enter the Premises; and,

m.    failing to warn invitees, including Plaintiff **MICHAEL ROWLING**, that the security entrance doors can open into and injure an invitee attempting to legally enter the Premises.

    12.    As a direct result of the aforementioned acts and/or omissions of the Defendant **BANK**, Plaintiff **MICHAEL ROWLING** suffered serious and permanent injuries, including, but not limited to the following: blunt head trauma; closed head injury; concussion; headache; vertigo; imbalance; left peripheral vestibular loss; left peripheral vestibular injury/involvement, paretic in nature; and motion intolerance, along with anxiety, stress and nervous reaction; and aggravation of all known and unknown conditions along with other severe and permanent injuries to the bones, muscles, tendons, ligaments, nerves and tissues of Plaintiff **MICHAEL ROWLING**'s entire body and limbs.

    13.    As a direct result of the aforementioned conduct on the part of Defendant **BANK**, the Plaintiff suffered a severe shock to his entire nervous system, with aches, pains, mental anxiety and anguish. Plaintiff **MICHAEL ROWLING** suffered internal injuries of an unknown nature and other injuries the full extent of which are not yet known. Plaintiff **MICHAEL ROWLING** has in the past and will in the future undergo severe pain and suffering as a result of which Plaintiff **MICHAEL ROWLING** has been in the past and will

in the future be unable to attend to usual duties and occupations, all of which is to Plaintiff **MICHAEL ROWLING**'s great financial detriment and loss. The Plaintiff, **MICHAEL ROWLING,** believes and therefore avers that these injuries are permanent in nature.

14. As a direct result of the aforementioned conduct of the Defendant **BANK,** Plaintiff **MICHAEL ROWLING** has been in the past and will in the future be obliged to receive and undergo medical attention and care, and to expend sums of money for treatment of the injuries he suffered, and he may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

15. As a further result of the aforementioned conduct of the Defendant **BANK,** Plaintiff **MICHAEL ROWLING** has been rendered disabled and unable to perform his usual duties and occupations, resulting in his having suffered a loss of earnings and/or earning power which may continue for an indefinite time into the future.

16. As a direct result of the aforementioned conduct on the part of the Defendant **BANK**, the Plaintiff **MICHAEL ROWLING** has incurred or may hereafter incur other financial expenses or losses.

**WHEREFORE**, Plaintiff **MICHAEL ROWLING** hereby demands judgment against the Defendant **FEDERAL RESERVE BANK OF PHILADELPHIA**, solely, jointly and/or severally, in an amount not in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, delay damages, costs and such other relief as is just and proper.

**COUNT II**
**Plaintiff MICHAEL ROWLING v. Defendant AEROTURN, LLC**
**Negligence**

17. Plaintiffs hereby incorporate by reference the averments of paragraphs 1 through 16 above as fully as though they were set forth here at length.

18. The negligence and/or carelessness of the Defendant **AEROTURN, LLC**, through the acts and omissions of its agents, employees, and workmen consisted of, without limitation the following acts and omissions:

7

Case ID: 210900657

a. failing to provide the security entrance door in question on the Premises in a condition that was safe for invitees, patrons and/or guests such as the Plaintiff **MICHAEL ROWLING,** including failing to have a proper warning that the said security entrance door could open into the person of the invitee, patron and/or guest seeking entrance immediately upon the swiping of the security badge given to the said the invitee, patron and/or guest;

b. failing to offer proper instructions and warnings when selling and/or installing said security entrance doors to ensure that ultimate users of the security doors would not release, and/or allow the release of, the security entrance doors which could strike and injure invitees, patrons and guests such as the Plaintiff **MICHAEL ROWLING**;

c. failing to provide or recommend that the said security entrance doors have door checks, guards, proximity warnings or other devises on the security entrance doors that would prevent the security entrance doors from striking invitees, patrons and guests such as the Plaintiff **MICHAEL ROWLING**;

d. failing to offer proper instructions and warnings when selling and/or installing said security entrance doors regarding the inspection and maintenance of the security entrance doors and/or door opening functions and/or devices to ensure that they were operating properly, and did not pose an unreasonable risk of striking and injuring invitees, patrons, and guests such as the Plaintiff **MICHAEL ROWLING**;

e. selling, installing, and/or otherwise providing the aforesaid security entrance doors in a dangerous condition which constituted a hidden menace, danger, nuisance, and trap for invitees, patrons and guests such as the Plaintiff **MICHAEL ROWLING**;

8

f. failing to provide adequately designed and functioning security entrance doors which were reasonably safe for invitees, patrons and guests such as the Plaintiff **MICHAEL ROWLING**;

g. failing to include, when selling, installing and/or otherwise providing said security entrance doors, warnings to end users and/or business invitees (such as the Plaintiff **MICHAEL ROWLING**) who would be using the security entrance doors, of the dangerous and hidden conditions thereof, after Defendant **AEROTURN, LLC** knew or should have known of the dangerous condition of the said area:

h. failing to address, remedy and/or repair the defective nature of said security entrance doors, via warning or otherwise, after the Defendant **AEROTURN, LLC** knew or should have known of the existence of the said defective and dangerous nature described herein;

i. disregarding the rights and safety of the Plaintiff and other persons lawfully visiting Defendant **BANK**'s Premises;

j. failing to ensure that the said security entrance doors were safe and secure for business invitees, patrons and guests on the property;

k. negligently allowing the sudden and unexpected opening of the said security entrance doors into Plaintiff's person, particularly his head;

l. providing a security entrance mechanism wherein the door can open into the head of a visitor attempting to legally enter the Premises; and

m. failing to warn invitees, including Plaintiff **MICHAEL ROWLING** that the security entrance doors can open into the head of an invitee attempting to legally enter the Premises.

19. As a direct result of the aforementioned actions and/or omissions of the Defendant **AEROTURN, LLC** , Plaintiff **MICHAEL ROWLING** suffered the injuries and damages set forth in paragraphs 12 through 16 above.

9

**WHEREFORE**, Plaintiff **MICHAEL ROWLING** hereby demands judgment against the Defendant **AEROTURN, LLC**, solely, jointly and/or severally, in an amount not in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, delay damages, costs and such other relief as is just and proper.

### COUNT III
### PLAINTIFF LORI ROWLING v BOTH DEFENDANTS
### LOSS OF CONSORTIUM

20. Plaintiffs hereby incorporate by reference paragraphs 1 through 19 of the Plaintiffs' Complaint as fully as though they were set forth here at length.

21. Solely as a result of the aforementioned negligence and carelessness of Defendants, Plaintiff spouse, **LORI ROWLING**, has been deprived of the society, companionship and consortium of her husband, Plaintiff **MICHAEL ROWLING**.

**WHEREFORE**, Plaintiff **LORI ROWLING** hereby demands judgment against the Defendants **FEDERAL RESERVE BANK OF PHILADELPHIA** and **AEROTURN, LLC**, solely, jointly and/or severally, in an amount not in excess of Fifty Thousand ($50,000.00) Dollars, plus interest, delay damages, costs and such other relief as is just and proper.

**JEFFREY R. LESSIN & ASSOCIATES, P.C.**

BY: *Jeffrey R. Lessin*

JEFFREY R. LESSIN, ESQUIRE
Attorney for Plaintiffs

MARK T. RICHTER, ESQUIRE
Attorney for Plaintiffs

TY PATRICK RYAN, ESQUIRE
Attorney for Plaintiffs

## VERIFICATION

MICHAEL ROWLING, state that I am the Plaintiff in this matter and that the statements made in the foregoing Complaint-Civil Action are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

*Michael Rowling*

**MICHAEL ROWLING**

Case ID: 210900657